**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Ray ERWIN,
Defendant–Appellant.**

No. 89–3502.

United States Court of Appeals,
Seventh Circuit.

Argued April 11, 1990.
Decided May 7, 1990.

David E. Risley, Office of the U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Michael B. Metnick, D. Peter Wise, Metnick & Barewin, Springfield, Ill., for defendant-appellant.

Before WOOD, Jr., EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

We must decide whether a felon whose "civil rights" were restored automatically at the end of his sentence—but who under state law may not own a gun—stands convicted of a crime for purposes of 18 U.S.C. § 921(a)(20). If he does, then he is exposed to the special punishment Congress ordered in 18 U.S.C. §§ 922(g) and 924(e) for persons who possess a gun despite three prior convictions for violent felonies. The district judge concluded that a person who may not possess guns under state law remains a convicted felon even though other civil rights have been restored. 723 F.Supp. 1285 (C.D.Ill.1989). He sentenced James Ray Erwin to 25 years' imprisonment, a sentence for which § 924(e) bars release on parole.

Section 921(a)(20) defines convictions for purposes of the three-prior-conviction crime in § 922(g). The current version of § 921(a)(20) responds to *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), which held that federal law supplies the definition of a conviction. Defendant in *Dickerson* pleaded guilty under an arrangement by which the state withheld a jail sentence and wiped the record clean if a time passed without incident. Because the defendant admitted his guilt and bore some punishment (if only restitution), the Court concluded that he had been convicted under the federal definition. Section 921(a)(20) as amended in 1986 requires courts to employ the state's own view of its convictions:

> What constitutes a conviction of [a "crime punishable by imprisonment for a term exceeding one year"] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has. had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not

ship, transport, possess, or receive firearms.

The question at hand is whether the second sentence overrules the first—whether the second sentence means that a person to whom a state restores any civil rights is no longer deemed convicted even though "the law of the jurisdiction in which the proceedings were held" considers him to be a convicted felon. States commonly restore some civil rights, such as the right to vote, even though they withhold others, such as the right to possess weapons. If the restoration of any one civil right automatically triggers the second sentence, then states either must give the "express[ ]" notice to which the sentence refers, or the effect of §§ 922(g) and 924(e) will be substantially undone.

Illinois, like many other states, restores some civil rights automatically (and without notice to the released prisoner) and others only on express decision. Erwin has not been pardoned or otherwise singled out for clemency. The state statute that gives rise to Erwin's claim is Ill.Rev.Stat. ch. 38 ¶ 1005–5–5, which provides:

(a) Conviction and disposition shall not entail the loss by the defendant of any civil rights, except under this Section and Sections 29–6 and 29–10 of The Election Code, as now or hereafter amended.

(b) A person convicted of a felony shall be ineligible to hold an office created by the Constitution of this State until the completion of his sentence.

(c) A person sentenced to imprisonment shall lose his right to vote until released from imprisonment.

(d) On completion of sentence of imprisonment ... all license rights and privileges granted under the authority of this State which have been revoked or suspended because of conviction of an offense shall be restored unless the authority having jurisdiction of such license rights finds after investigation and hearing that restoration is not in the public interest. This paragraph (d) shall not apply to the suspension or revocation of a license to operate a motor vehicle under the Illinois Vehicle Code.

So the felon automatically recovers his rights to vote and hold office, together with any "license rights and privileges" suspended on conviction (such as a license to be a barber), unless the licensing authority vetoes the restoration for good reasons. Illinois does not wipe out the conviction for purposes of its recidivist laws. It also does not restore the right to own or carry guns. Ill.Rev.Stat. ch. 38 ¶ 24–1.1 makes it a crime for a previously convicted felon to possess a firearm.

Erwin contends that ¶ 1005–5–5(d) restores his civil rights for purposes of § 921(a)(20). Because ¶ 1005–5–5 does not "expressly provide[ ] that [he] may not ship, transport, possess, or receive firearms", Erwin argues, the last sentence of § 921(a)(20) means that he is not a convicted felon for federal purposes even though Illinois still considers him one. Although this is a clever argument, it is not a plausible interpretation of a statute that is designed to require federal rules to track state law. Erwin wants us to restore the gap between federal and state rules that *Dickerson* opened and Congress closed—although Erwin believes that the distinction now runs in felons' favor.

 When state law deems a person convicted, that is dispositive for federal purposes under the first sentence of § 921(a)(20). *United States v. Cassidy*, 899 F.2d 543 (6th Cir.1990). The second sentence does not require a federal court to disregard the state's definition of a conviction just because the state has restored any one civil right. The notice rule is designed not for statutes such as ¶ 1005–5–5 that return the right to vote and cut hair but for communications that seem to have broader import. If, for example, the governor issues a pardon that by virtue of state law does not restore the right to carry guns, then unless the state tells the felon this the federal government will not treat him as convicted. The second sentence of § 921(a)(20) is an anti-mousetrapping rule. If the state sends the felon a piece of paper implying that he is no longer "convicted" and that *all* civil rights have been restored, a reservation in a corner of the state's

penal code can not be the basis of a federal prosecution. A state must tell the felon point blank that weapons are not kosher. The final sentence of § 921(a)(20) can not logically mean that the state may dole out an apparently-unconditional restoration of rights yet be silent so long as any musty statute withholds the right to carry guns. Then the state never would need to say a peep about guns; the statute would self-destruct. It must mean, therefore, that the state sometimes must tell the felon that under state law he is not entitled to carry guns, else § 922(g) does not apply. To the extent *Cassidy* suggests otherwise, at 545 n. 5, we have doubts, although the question need not be resolved today. When, however, the state sends no document granting pardon or restoring rights, there is no potential for deception, and the question becomes whether the particular civil right to carry guns has been restored by law. *United States v. Kolter*, 849 F.2d 541 (11th Cir.1988), on which Erwin relies, dealt with a pardon that restored all civil rights, including an entitlement to possess weapons. Illinois does not allow Erwin to possess guns, and that is that.

Suppose ¶ 1005–5–5 and ¶ 24–1.1 had been merged, so that the text of ¶ 24–1.1 had been included as a new ¶ 1005–5–5(e). Then there could be no doubt that the state conviction may be used in a prosecution under § 922(g). Erwin's lawyer conceded at oral argument that the language of ¶ 24–1.1 would "expressly provide[ ] that [he] may not ship, transport, possess, or receive firearms" if it were part of ¶ 1005–5–5. Yet the language is no less "express" when codified elsewhere. "Codification" in Illinois, as in most other states, is a misleading term. West Publishing Company rather than the State of Illinois arranges the session laws to form a "code". Whether an employee of West or an officer of the legislature decided that the text of ¶ 24–1.1 would appear where it does is unimportant in the end. The state's law is "express" notice of its contents. The last clause of § 921(a)(20) deals not with the arrangement of a state's statutes but with misleading omissions in pardons, notices of expungement, and the like. Er-

win received no such notice and has not been misled.

AFFIRMED.