968 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Frank POLK, Defendant/Appellant.
 No. 91-2756.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided July 7, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Frank Polk is serving a fifteen-year prison sentence after a jury convicted him for being a felon in possession of a gun. The length of the sentence represents five years for the actual conviction, 18 U.S.C. § 922(g), plus a ten-year enhancement under 18 U.S.C. § 924(e). Section 924(e)(1) says that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony ... shall be fined not more than $25,000 and imprisoned not less than fifteen years." This applied to Pold because he had three prior convictions. Arguing that his sentence was illegal, Polk moved for the court to correct it pursuant to Fed.R.Crim.P. 35(a). Polk argued that § 924(e) should not have been used to enhance his sentence because he had no prior convictions, as "convictions" is defined under Illinois law. 18 U.S.C. § 920(a)(20). The district court denied the motion and he now appeals.
 
 
 2
 As an initial matter the government argues that Rule 35(a), as read prior to the Sentencing Reform Act since this is a pre-Sentencing Guidelines case, United States v. Plain, 856 F.2d 913, 914-15 n. 2 (7th Cir.1988), is not a proper vehicle for Polk's objection. Prior to enactment of the sentencing guidelines Rule 35(a) stated: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." The government argues that Rule 35(a) exists to correct sentences that "the judgment of conviction did not authorize." United States v. Morgan, 346 U.S. 502, 506 (1954). Polk, the government argues, is not trying to correct an unauthorized sentence, he is trying to attack collaterally his state convictions that gave rise to the sentence enhancement. Polk's arguments, however, do not turn on the validity of his prior convictions; the validity of those convictions is irrelevant to his arguments. Polk's arguments, rather, are based on his contention that Illinois restored his civil rights after the term of his prior convictions expired, thus expunging the felony convictions from his record for purposes of the enhancement. The judgment of conviction authorized a ten-year sentence enhancement if Polk had three prior convictions as defined by state law. But if those convictions did not fall under Illinois' classification of "convictions" at the time of sentencing, Polk was sentenced under an unauthorized enhancement provision. Therefore we proceed to the merits.
 
 
 3
 The question then is whether Polk at the time of sentencing on the federal firearm charge enjoyed a civil right to possess a gun that should have barred the enhancement mechanism of § 924(e). Between 1968 and 1971 Polk was convicted of six armed robberies. In 1976, Polk finished serving time for the last of these armed robberies, at which time the state, pursuant to Ill.Rev.Stat. ch. 38, para. 1005-5-5, restored certain of his specific civil rights (not including the right to carry a firearm) such as the right to vote, while withholding others such as the right to possess weapons. Polk claims that five years after his release from prison the state restored to him his right to possess weapons. He invokes Ill.Rev.Stat. ch. 38, para. 24-3.1(a)(3), which at the time of his latest release read in relevant part:
 
 
 4
 (a) A person commits the offense of unlawful possession of firearms or firearm ammunition when:
 
 
 5
 (3) He has been convicted of a felony under the laws of this or any other jurisdiction within 5 years from release from the penitentiary ... and has any firearms or firearm ammunition in his possession.
 
 
 6
 Because he could not possess a firearm for five years, Polk argues that the flip side of the statute must have said that after the five years had expired, the state, through this statute, restored by operation of law his right to possess a weapon. Once the state "restored" the right to possess a weapon, he argues, it could not take it away; therefore, his right to possess a weapon remained untouched by Ill.Rev.Stat. ch. 38, para. 24-1.1(a), the 1984 amendment to the above-quoted statute that said no felon no matter how long out of prison shall possess a firearm unless given specific permission to do so by the Director of the Department of State Police. The 1984 amendment cited in the previous sentence contains nothing to support this interpretation. Polk has presented no case law, no evidence, no statute that would support his position.
 
 
 7
 United States v. Erwin, 902 F.2d 510 (7th Cir.1990), rejects Polk's notion that the state restored his right to possess a firearm through the flip side of its gun control law. Erwin makes clear that few former felons are exempt from paragraph 24-1.1. Only when the state has acted affirmatively (for example by pardon or notice of expunction) to impress upon a former felon that his rights are being restored unconditionally must it tell him point blank that he may not possess weapons. Id. at 513. The state never pardoned Polk nor did it expunge his record so "the question becomes whether the particular civil right to carry guns has been restored by law." Id. Polk says that former paragraph 24-3.1(a)(3) restored his civil right to carry a gun. In Illinois, though, paragraph 1005-5-5 restores rights; former paragraph 24-3.1(a)(3) criminalized certain categories of weapon possession. Paragraph 1005-5-5 has never restored the right of felons to carry guns. To the extent that former paragraph 24-3.1(a)(3) can be read to have restored a right to possess guns, paragraph 24-1.1 clarifies things by saying no felon may possess a gun unless given special permission. And the special permission is very tough to come by. See Ill.Rev.Stat. ch. 38, para. 83-10. Paragraph 24-1.1 controls, Polk's unsupported ex post facto argument notwithstanding. United States v. Jordan, 870 F.2d 1310, 1314-15 and n. 1 (7th Cir.1989) (rejecting ex post facto challenge to enhancement provisions in the Armed Career Criminals Act); People v. McCrimmon, 150 Ill.App.3d 112, 116-17, 501 N.E.2d 334, 336 (1986) (rejecting ex post facto challenge to paragraph 24-1.1 by felon with convictions that occurred prior to enactment of the statute).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs