**Thomas J. ROEHL, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

Nos. 91–2054, 91–3020.

United States Court of Appeals, Seventh Circuit.

Submitted June 16, 1992.*

Decided Oct. 13, 1992.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively

Michael F. Hupy, Jacobson & Hupy, Milwaukee, Wis., for petitioner-appellant.

Elsa Lamelas, and Matthew L. Jacobs, Asst. U.S. Attys., Milwaukee, Wis., for respondent-appellee.

Before CUDAHY and COFFEY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Thomas Roehl was convicted of possession of firearms after conviction of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g). Because he had three previous convictions of violent felonies on different occasions, he was subject to the minimum sentence of 15 years prescribed by 18 U.S.C. § 924(e), and he received that sentence. We affirmed by unpublished order. *United States v. Roehl*, 921 F.2d 278 (7th Cir.1990).

Roehl filed a motion pursuant to 28 U.S.C. § 2255, making a new claim. He contended that his 1966, August, 1974, and September, 1974 convictions in Wisconsin courts could not be a predicate for conviction, nor be counted for sentencing because his civil rights had been restored when he completed each sentence. He sought to excuse his failure to raise the point earlier

concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of this statement, the briefs, and the record, appellant's request for oral argument is denied, and the appeal is submitted on the briefs and record.

because he had received ineffective assistance of counsel.

The district court denied relief, and Roehl appealed.

18 U.S.C. § 921 provides definitions of terms used in ch. 44, of which § 924 is also a part. Section 921(a)(20) deals with "crime punishable by imprisonment for a term exceeding one year." It provides in part,

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Roehl does not rely on any individualized official action restoring his rights, but on the operation of a general statutory provision, Wis.Stat. § 57.078:

> Every person who is convicted of crime obtains a restoration of his civil rights by serving out his term of imprisonment or otherwise satisfying his sentence. The certificate of the department or other responsible supervising agency that a convicted person has served his sentence or otherwise satisfied the judgment against him is evidence of that fact and that he is restored to his civil rights....

Roehl served the sentences and received certificates of discharge before the present offense occurred.

■ This court has distinguished (in construing 18 U.S.C. § 921(a)(20)) between a general restoration of rights by operation of a state statute, upon completion of a state sentence, and issuance to the convicted person of a document "implying that he is no longer 'convicted' and that *all* civil rights have been restored." *United States v. Erwin*, 902 F.2d 510, 512 (7th Cir.1990) (Illinois conviction counted notwithstanding statute restoring civil rights on completion

of sentence). Where the alleged restoration of civil rights results by operation of a state statute, the state's view whether the conviction survives is controlling. "When state law deems a person convicted, that is dispositive for federal purposes under the first sentence of § 921(a)(20)." *Id.*

■ We think it clear that Wisconsin does not consider a conviction to have been wiped from the record once the person convicted has satisfied his sentence. The legislative history suggests that in enacting § 57.078 the legislature was concerned with restoring the right to vote (and perhaps eligibility to public office). Brossard, Restoration of Civil Rights, 1946 Wis. L.Rev. 281. It has been held that this section does not restore the right to hold public office. *State v. Village of Lyndon Station*, 98 Wis.2d 229, 245, 295 N.W.2d 818, 827 (Ct.App.1980), *aff'd*, 101 Wis.2d 472, 305 N.W.2d 89 (1981). *See* Note, Restoration of the Civil Rights of Convicted Criminals, 1951 Wis.L.Rev. 378, 384; 1974 Wis.Op.Atty.Gen. 75. Wisconsin has no constitutional provision conferring a right to own or possess firearms. At the time of Roehl's convictions and his completion of service of his sentences, there was no Wisconsin statute making it unlawful for a convicted person to own or possess firearms. Thus his convictions deprived him of no right in that respect, and no such right could have been "restored." In 1981, however, Wisconsin enacted Wis.Stat. § 941.29, effective March 31, 1982, making it an offense for a convicted felon to possess a gun. Although this enactment occurred later than Roehl's conviction, the Act which created § 941.29 made it clear that it applied to all earlier convictions, excepting persons who received a pardon and express authority to possess a firearm under 18 U.S.C.App. 1203, ch. 141, Laws of 1981, § 2. The fact that a previously convicted person had satisfied his sentence before possessing the firearm was not considered relevant. In the state's view, Roehl's 1966 and 1974 convictions could each be a predicate for criminal liability under Wis.Stat. § 941.29. Accordingly, each is also a predicate for conviction under 18 U.S.C. § 922(g)

and for enhancement under 18 U.S.C. § 924(e).

We reject the government's argument that § 921(a)(20) was intended to control only what is a conviction of a "crime punishable by imprisonment for a term not exceeding one year" as a predicate for the offense described in § 922(g) and not to control what is a conviction for a violent felony or serious drug offense so as to be counted for sentencing under § 924(e). *See Erwin,* 902 F.2d at 511; *United States v. Traxel,* 914 F.2d 119, 122 (8th Cir.1990); *United States v. Ziegenhagen,* 776 F.Supp. 441, 445–47 (W.D.Wis.1991).

We also reject Roehl's argument that because Wis.Stat. § 941.29 was enacted after he satisfied his sentences and he received the benefits of Wis.Stat. § 57.078, our reliance on § 941.29 gives it *ex post facto* effect. We have no doubt that if Roehl had been prosecuted for violation of § 941.29, his earlier felony convictions could have been predicates without violation of the *ex post facto* provision. *United States v. Jordan,* 870 F.2d 1310, 1314–15 & n. 1 (7th Cir.1989). Our use of Wis.Stat. § 941.29 is only as evidence that Wisconsin views the operation of § 57.078 on a conviction as irrelevant to a prosecution for an offense as to which the prior conviction is a predicate.

■ Roehl makes an alternative argument why his 1966 conviction cannot be counted as one of the three required for enhancement. As provided in Wis.Stat. § 57.078, the authorities issue a certificate to a person who has satisfied his sentence. It is entitled "Discharge," recites the fact of conviction, states that the person has met the conditions of his sentence, and says that he is discharged. Roehl has not produced the "Discharge" issued when he completed the sentence on his 1966 conviction in 1970. The official records which might show that he received a particular form have been destroyed because of lapse of time. He has, however, produced a letter from a corrections official forwarding

"a sample of the discharge certificate form (DOC–48A) that was being issued at the time of your 04/21/70 release."

The last paragraph of the form reads: "Any civil rights lost as result of conviction herein described, are restored by virtue of this discharge, under the provisions of section 57.078 of the Statutes of the State of Wisconsin." This language was not included in the "Discharge" pertaining to Roehl's 1974 convictions.

Roehl contends that the 1970 form of "Discharge" fulfills the *dictum* in *Erwin* that "If the state sends the felon a piece of paper implying that he is no longer 'convicted' and that *all* civil rights have been restored," § 921(a)(20) prevents counting the conviction unless the paper expressly provides that the person may not ship, transport, possess, or receive firearms.

*Erwin* aside, we think it arguable, at least, that the restoration of civil rights intended under 18 U.S.C. § 921(a)(20) must be an individualized decision, as the expungement, setting aside, or pardon, also enumerated, would be. *Noscitur a sociis.*

In any event, the 1970 "Discharge" form was routinely issued upon satisfaction of sentence. It referred to Wis.Stat. § 57.078 which, although using general language, has been construed to deal primarily with the right to vote, and not to restore the right to hold office. Applying the *Erwin* language, we find no reasonable implication that one who receives such a "Discharge" will be treated as if no longer convicted, even if the language "any civil rights lost as a result" of the conviction can be construed to mean "all civil rights."[1] We note also that because the 1966 conviction did not cause Roehl to lose any state-created right related to possession or ownership of firearms, the "Discharge" did not tell him that such a right was restored.

We conclude that even if Roehl received this form of "Discharge," it was not a restoration of civil rights under

---

1. Roehl was not, in fact, misled by any alleged restoration of his civil rights. Indeed, at trial, he testified that he knew clearly that he could not carry a gun. "[I] am a felon, and I know what the penalty is for possession of a gun, so I stay away from the gun." Tr. at 370.

§ 921(a)(20) and did not prevent counting his 1966 conviction toward enhancement.

There is nothing to show that Roehl relied upon the 1970 "Discharge" as reducing the penalty if caught in possession of firearms. *Cf. Ziegenhagen,* 776 F.Supp. at 450.

■ Roehl's present claims that § 921(a)(20) prevented using his conviction under § 922(g) or for enhancement under § 924(e) were waived by failure to raise them in the trial proceeding and on appeal unless he can establish that the failure was constitutionally deficient performance by his counsel and that if the claim had been raised, the result would probably have been different. *United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982), *Murray v. Carrier,* 477 U.S. 478, 483, 488–89, 106 S.Ct. 2639, 2642–43, 2645–46, 91 L.Ed.2d 397 (1986), and *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2065, 2068, 80 L.Ed.2d 674 (1984). As often happens, the question of the merits of a claim not raised and of prejudice resulting from counsel's failure to raise it tend to merge. By deciding that Roehl's claims had no merit, we have decided that he was not prejudiced by his counsel's failure to raise them.

A final matter. Roehl's appeal from the denial of § 2255 relief is No. 91–2054. He also appealed from an order denying reconsideration of orders granting the government's motions to include material in the record on appeal. This appeal is No. 91–3020. Treating the latter as a motion in this court under Fed.R.App.P. 10(e), Cir.R. 10, we are not persuaded that material was improperly included in the record, and we DISMISS No. 91–3020 and deny the motion. We AFFIRM the judgment appealed from in No. 91–2054.