996 F.2d 1220
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Armin ZIEGENHAGEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3516.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 27, 1993.
Decided May 21, 1993.
 
 1
 Before CUMMINGS and KANNE, Circuit Judges, and MIHM, Chief District Judge*
 
 ORDER
 
 2
 This is an appeal from a decision by Chief District Judge Crabb, Western District of Wisconsin, denying Plaintiff-Appellant Armin Ziegenhagen's motion to vacate sentence pursuant to 28 U.S.C. § 2255. Ziegenhagen had contended that his sentence for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), was invalid because prior convictions for burglary and armed robbery were used improperly to enhance his sentence, and because his counsel was ineffective for failing to show that the prior convictions could not be used. The district court held that Ziegenhagen failed to show cause and prejudice for not challenging on direct appeal the issue of the 1969 Wisconsin convictions used to enhance his sentence pursuant to 18 U.S.C. § 924(e). We affirm.
 
 
 3
 On August 13, 1987, Appellant Armin Ziegenhagen was arrested and charged under Wisconsin state law with the unlawful possession of a firearm by a convicted felon. At that time, Ziegenhagen had four prior felony convictions: (1) a 1969 Wisconsin burglary conviction; (2) a 1969 Wisconsin strong arm robbery conviction; (3) a 1977 Wisconsin battery to a police officer conviction; and (4) a 1976 federal conviction in the United States District Court for the Eastern District of Wisconsin for making knowing false written statements concerning his past criminal record in connection with the purchase of firearms, in violation of 18 U.S.C. § 922(a)(6).
 
 
 4
 On May 15, 1974, the Wisconsin Department of Health and Social Services issued Ziegenhagen a certificate discharging him following completion of his state sentence pursuant to Wisconsin law. The discharge provided:
 
 
 5
 It appearing to the Department of Health and Social Services that: Armin A. Ziegenhagen ... was on the 28th day of March, 1969, convicted of robbery and burglary in violation of section 943.32(1)(a); 943.10(1)(a) of the Statutes of the State of Wisconsin ... and released on parole.
 
 
 6
 ...
 
 
 7
 Now, therefore, it is ordered that effective May 15, 1974, the aforesaid be, ..., discharged.
 
 
 8
 ...
 
 
 9
 Any civil rights lost as result of conviction herein described, are restored by virtue of this discharge, under the provisions of section 57.078 of the Statutes of the State of Wisconsin.
 
 
 10
 On May 11, 1988, a federal grand jury in the Western District of Wisconsin charged Ziegenhagen with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Because of Ziegenhagen's prior conviction record, on August 17, 1988, the United States, pursuant to 18 U.S.C. § 924(e)(1), filed a Notice of Intent to Seek Enhanced Punishment based upon three violent felony convictions as defined by 18 U.S.C. § 924(e)(2)(B). In response to a motion for bill of particulars, on August 24, 1988, the United States informed Ziegenhagen that the Notice of Enhanced Penalties was based on the three following convictions: battery to a police officer, November 5, 1975; strong arm robbery, March 28, 1969; and burglary, March 28, 1969. On November 7, 1988, a jury found Ziegenhagen guilty under section 922(g)(1).
 
 
 11
 On January 26, 1989, at Ziegenhagen's sentencing hearing, defense counsel argued that one of Ziegenhagen's three prior convictions, burglary, was not defined under 18 U.S.C. § 924(e) and, therefore, was an improper basis upon which to impose an enhanced sentence. The district judge rejected Ziegenhagen's argument and sentenced him to 15 years imprisonment without opportunity for parole under 18 U.S.C. § 924(e)(1). Defense counsel did not challenge the use of Ziegenhagen's 1969 Wisconsin conviction for strong arm robbery or 1977 Wisconsin conviction for battery of a police officer as predicate offenses.
 
 
 12
 Ziegenhagen appealed the district court's holding that the burglary conviction qualified as a violent felony under section 924(e). While on appeal, Ziegenhagen filed a pro se motion in district court alleging ineffective assistance of counsel on the ground that trial counsel's interest conflicted with Ziegenhagen's interest. On November 27, 1989, this Court stayed the decision on the merits and remanded the case to the district court for an evidentiary hearing to determine whether Ziegenhagen made a knowing and intelligent waiver of the conflict of interest. United States v. Ziegenhagen, 890 F.2d 937, 941 (7th Cir.1989). The district court appointed new counsel for Ziegenhagen, conducted an evidentiary hearing, and found, on April 13, 1990, that no conflict of interest existed for Ziegenhagen to waive. United States v. Ziegenhagen, 88-CR-50-C, slip op. at 7-8 (W.D.Wis.1990). This Court affirmed Ziegenhagen's conviction and sentence. United States v. Ziegenhagen, 89-1256, slip op. at 4 (7th Cir.1990).
 
 
 13
 Ziegenhagen then filed a pro se motion in the Court of Appeals contending that trial counsel was ineffective for not challenging the use of the two 1969 Wisconsin convictions as a basis for sentence enhancement. This Court denied the motion holding that the issue was a new one that must first be raised in district court pursuant to 28 U.S.C. § 2255. On April 30, 1991, Ziegenhagen filed a Petition for Writ of Habeas Corpus in district court pursuant to 28 U.S.C. § 2255. On October 1, 1991, the district court denied Ziegenhagen's petition. United States v. Ziegenhagen, 776 F.Supp. 441 (W.D.Wis.1991). On October 22, 1991, Ziegenhagen filed this Notice of Appeal.
 
 
 14
 Pursuant to 28 U.S.C. § 2255, federal prisoners may collaterally attack any sentence in violation of the Constitution or laws of the United States. Ziegenhagen argues that he was denied effective assistance of counsel because at trial his attorney stipulated to Ziegenhagen's previous felony conviction for purposes of 18 U.S.C. § 922(g) and failed to object at sentencing and on direct appeal to the use of three of Ziegenhagen's four prior felony convictions as predicate offenses under 18 U.S.C. § 924(e). Ziegenhagen argues that he has demonstrated "cause" for counsel's failure to raise this issue because the error was sufficiently egregious and "prejudice" because but for counsel's error, Ziegenhagen would have been neither convicted nor subjected to an enhanced sentence. The district court held, and this Court agrees, that the cause and prejudice analysis, which is usually determined prior to a petitioner's substantive claim, turns on Ziegenhagen's substantive claim. The district court found that if the 1969 convictions were erroneously used, counsel's failure to object to their use would have undeniably prejudiced Ziegenhagen. Once prejudice is established, if failure to raise the issue was the result of counsel's deficient performance, Ziegenhagen could have established cause.
 
 
 15
 Therefore, the primary issue before this Court is whether Ziegenhagen's prior Wisconsin felony convictions qualify as predicate offenses for conviction pursuant to 18 U.S.C. § 922(g) and sentence enhancement pursuant to 18 U.S.C. § 924(e).
 
 
 16
 Ziegenhagen asserts that in 1974 he received a discharge certificate restoring any civil rights lost as a result of his 1969 Wisconsin convictions, and that in 1978 and 1979 he completed his terms of probation and parole with respect to the 1976 federal conviction and 1977 Wisconsin conviction. He asserts that by 1979 his civil rights were restored completely under Wisconsin law as to all four of his prior felony convictions.
 
 
 17
 Specifically, Ziegenhagen argues that because the State of Wisconsin officially notified him that "[a]ny civil rights lost as a result of conviction" were restored and that this discharge notice did not expressly inform him that he could not possess firearms, the potential for deception was apparent. He cites to United States v. Erwin, 902 F.2d 510 (7th Cir.), cert. denied, 498 U.S. 859 (1990) for the proposition that in order for section 922(g) to apply, once a state notifies a felon that his civil rights have been restored, the state must also inform the felon that under state law he cannot carry firearms. He asserts that because Wisconsin law restored all of his civil rights by statute and in 1974 did not expressly limit his right to possess firearms, the 1969 Wisconsin convictions cannot be used toward his conviction under section 922(g) or for sentence enhancement under section 924(e).
 
 
 18
 This Court disagrees and affirms the district court's denial of Ziegenhagen's Petition for Writ of Habeas Corpus based on Roehl v. United States, 977 F.2d 375 (1992), reh'g, en banc, denied, 1993 U.S.App.Lexis 1814 (7th Cir.1993). In Roehl, the appellant filed a section 2255 motion arguing that his previous Wisconsin state convictions could not be used as predicate offenses for conviction or for sentencing enhancement. Roehl based the argument on the fact that his civil rights were restored by a certificate of discharge issued by operation of a general Wisconsin statutory provision, Wis.Stat. § 57.078.
 
 
 19
 Specifically, Roehl claimed that two of his prior Wisconsin state convictions, one in 1966 and another in 1974, could not be used as predicates for conviction under section 922(g), nor for the enhancement under section 924(e), because he had received a discharge certificate from the state restoring all his civil rights. The Court considered section 921(a)(20), reviewed the Wisconsin statutory provision restoring civil rights to all Wisconsin felons who complete their sentences, § 57.078, and referred to the legislative history of section 57.078. The Court held that the Wisconsin discharge certificate did not restore Roehl's civil rights under 18 U.S.C. § 921(a)(20) for the possession of firearms and did not prevent the sentencing court from using the prior convictions toward enhancement. Roehl, 977 F.2d at 378-79.
 
 
 20
 The facts, circumstances, and law of the Roehl case are virtually identical to the instant case. Both cases involve the same Wisconsin statute, the same federal statutes, the same type of notice, and the same Wisconsin discharge certificate. The Court found in Roehl that the "discharge" certificate issued pursuant to Wisconsin statute section 57.078 was routinely issued upon satisfaction of sentence and that no reasonable implication could be drawn from the discharge notice by a felon who receives it that he would in the future be treated as if he no longer had been convicted. Roehl, 977 F.2d at 378. The certificate's language "any civil rights lost as a result" of the conviction cannot be construed to mean all civil rights. Roehl, 977 F.2d at 378. This Court finds, as it did in Roehl, that prior Wisconsin state convictions did not cause Ziegenhagen to forfeit any state-created right relating to the possession or ownership of firearms. Moreover, the discharge certificate restoring Ziegenhagen's civil rights did not create such a right to possess firearms, nor did it specifically notify Ziegenhagen that he had such a right restored.
 
 
 21
 Section 921(a)(20) provides in pertinent part that:
 
 
 22
 [a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
 
 
 23
 The issue here is one of notice. Ziegenhagen cites the Erwin case as authority for the argument that once his rights were restored his Wisconsin convictions cannot be used as predicates for the offense described in section 922(g) unless the State expressly notifies him as to restrictions on firearm possession. In the words of Judge Easterbrook, the Court in Erwin found that section 921(a)(20) included an "anti-mousetrapping rule" requiring States sending a felon notice "that he is no longer 'convicted' and that all civil rights have been restored" to expressly inform that felon that he cannot possess firearms. Erwin, 902 F.2d at 512-13. In the Erwin case, however, the Court considered the applicable Illinois notice sent by operation of law and held that the appellant's Illinois conviction did count as a predicate for purposes of section 922(g). Erwin, 902 F.2d at 513. The Court reasoned that section 921(a)(20) was not designed for State statutes restoring only certain civil rights and that the State's law is dispositive as to the conviction status of felons. Erwin, 902 F.2d at 512; accord, Roehl, 977 F.2d at 377 (where the restoration of civil rights result by operation of state statute, the State's view whether the conviction survives is controlling).
 
 
 24
 The Erwin opinion is not inconsistent with the Roehl decision.
 
 
 25
 The discharge certificate sent to Ziegenhagen did not state that he was no longer "convicted" and did not inform him that all of his civil rights were restored. The Wisconsin discharge certificate only notified him that the rights lost with his convictions were being restored. Under Wisconsin law, however, Ziegenhagen never had the statutory right to possess firearms, even prior to his conviction. If a person does not lose a right by operation of law, then that right cannot be restored by operation of law.
 
 
 26
 In fact, as the district court found, when Ziegenhagen received the discharge, he was serving a sentence for the 1977 felony conviction. Moreover, in 1976, a federal district judge expressly warned Ziegenhagen that he was not free to possess firearms following receipt of the Wisconsin discharge certificate. See United States v. Ziegenhagen, 420 F.Supp. 72, 74 (E.D.Wis.1976). The federal conviction notified him that he was still considered a convicted felon.
 
 
 27
 As this Court held in Roehl, an individual notice of discharge may possibly mislead a defendant. Roehl, 977 F.2d at 378. Individualized notice is not the situation here. Individualized notice requires an action unique to the particular person. Here, the same generalized notice was sent to Ziegenhagen as sent to all convicted Wisconsin felons. Ziegenhagen had no reason to believe he was free to legally possess a firearm either in 1976 or in 1987 when he possessed the firearm that is the basis for the conviction and sentence enhancement. Ziegenhagen was specifically put on notice, and there was no potential for him to be misled.
 
 
 28
 The district court decision denying the petition is AFFIRMED.
 
 
 
 *
 The Honorable Michael M. Mihm, Chief District Judge from the Central District of Illinois, is sitting by designation