998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas J. ROEHL, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-3614.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 26, 1993.*
Decided July 15, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 After a jury convicted Thomas Roehl of possessing firearms, the judge sentenced him to the mandatory minimum term of fifteen years' imprisonment because he was a thrice-convicted felon. 18 U.S.C. § 924(e). After we affirmed the conviction on appeal Roehl collaterally attacked his conviction under 28 U.S.C. § 2255, which the district court denied. While his appeal of that decision was pending in this court, Roehl filed a motion under Federal Rule of Civil Procedure 60(b)(2) asking the district court to consider new evidence. The court denied that motion. Meantime, in the pending appeal, we affirmed the district court's denial of Roehl's motion under 28 U.S.C. § 2255. Roehl v. United States, 977 F.2d 375 (7th Cir.1992) reh'g en banc denied. Roehl's appeal facing us today is from the district court's denial of his motion under Rule 60(b)(2). Under Rule 60(b)(2) a court may relieve from final judgment a party who can show that he has discovered new evidence which he could not have discovered in time to move for a new trial under Rule 59(b). Fed.R.Civ.P. 60(b)(2). We will reverse the denial of such a motion only if the judge abused his discretion by denying the motion. Daniels v. Pipefitters' Ass'n Local Union No. 597, 983 F.2d 800, 802 (7th Cir.1993). A party must clear several hurdles when seeking relief from judgment based on newly discovered evidence, United States v. McGaughey, 977 F.2d 1067, 1074-75 (7th Cir.1992) (listing the requirements for relief under 60(b)(2)), the most important hurdle for this case being that Roehl must show that the new evidence is likely to change the outcome of the case on retrial. Id. at 1075.
 
 
 2
 The "new evidence" that Roehl wants the district court to consider would not alter the outcome of his case. He claims that the court should have considered several sample discharge forms that he obtained from the State Historical Society of Wisconsin. These documents, according to Roehl, show that he should not have been subject to the mandatory minimum sentence because he had been discharged from one of his three prior convictions. To begin with, these documents are either already in the record or have been stricken from the record by the district court. In any event, we have already considered and rejected the import of these documents to Roehl's case. In our decision disposing of Roehl's appeal from the denial of his motion under 28 U.S.C. § 2255, we held "that even if Roehl received this form of 'Discharge,' it was not a restoration of civil rights under § 921(a)(20) and did not prevent counting his 1966 conviction toward enhancement." Roehl, 977 F.2d at 375, 378-79. We refer the parties to that full decision for the analysis supporting our conclusion. Because the new evidence that Roehl seeks to offer would have no impact on a new trial, we AFFIRM the district court's denial of Roehl's motion for relief from judgment.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request for oral argument and submit the appeal on the briefs and record