**David S. DAHLER, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 96–4022.

United States Court of Appeals,
Seventh Circuit.

Argued April 14, 1998.

Decided May 13, 1998.

---

Barry Levenstam, Jerold S. Solovy, David M. Feinberg (argued), Jenner & Block, Chicago, IL, for Petitioner–Appellant.

Daniel P. Bach (argued), Rita M. Rumbelow, Office of the United States Attorney, Madison, WI, for Respondent–Appellee.

Before POSNER, Chief Judge, and CUDAHY and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

David Dahler is serving 276 months' imprisonment as an armed career criminal, 18 U.S.C. § 924(e)(1), following his conviction for possessing multiple firearms despite his prior convictions, in violation of 18 U.S.C. § 922(g), the felon-in-possession statute. Two years ago we affirmed his conviction in an unpublished order. Next he filed a motion under 28 U.S.C. § 2255. Only one issue from this motion calls for discussion: Dahler's contention that he lacks the three convictions that under § 924(e)(1) identify a "career" criminal. See *United States v. Hudspeth*, 42 F.3d 1015 (7th Cir.1994) (en banc).

Section 924(e)(1) covers any "person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another". Section 924(e)(2)(B) defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that satisfies some additional criteria designed to sift "violent" from other crimes. See *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Dahler has at least five felony convictions, in 1964, 1970, 1977, and 1985 (two), that meet the standard of § 924(e)(2)(B). If federal law looked only to the fact of conviction, as *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), held, this would be an easy case. Felonies committed over three decades mark one as a career criminal. But Congress responded to *Dickerson* in 1986 by amending 18 U.S.C. § 921(a)(20), whose last paragraph now reads:

What constitutes a conviction of [a "crime punishable by imprisonment for a term exceeding one year"] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

When in 1976 Dahler was released from his 1970 conviction, Wisconsin gave him a certificate providing: "Any civil rights lost as result of conviction herein described, are restored by virtue of this discharge, under the provisions of section 57.078 of the Statutes of the State of Wisconsin." As a matter of Wisconsin law this certificate did not restore Dahler's right to carry firearms, because he lacked such a right before his 1970 conviction, and it was therefore not a civil right "lost as result of conviction herein described". See *Roehl v. United States*, 977 F.2d 375 (7th Cir.1992). Dahler might have figured this out by reading Wis. Stat. § 57.078 (recodified in 1990 as Wis. Stat. § 304.078). But under § 921(a)(20) a conviction does not count, for federal purposes, if a felon has "had civil rights restored" unless the restoration document "expressly provides that the person may not ship, transport, possess, or receive firearms". The discharge certificate of 1976 does not furnish an "express" notice, which sets up Dahler's argument that the 1970 conviction does not count toward the necessary three. See *United States v. Glaser*, 14 F.3d 1213 (7th Cir.1994). When sentencing Dahler in 1995 the district court relied exclusively on the 1970 and 1985 convictions, so Dahler argues that he is entitled to be resentenced without the enhancement for being an armed career criminal.

One potential response might have been that objections to statutory sentencing computations may not be raised under § 2255. See *Scott v. United States*, 997 F.2d 340 (7th Cir.1993); cf. *Reed v. Farley*, 512 U.S. 339, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). Because § 924(e) is a sentencing enhancement rather than an independent of-fense, the actual-innocence approach of *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), appears to be unavailable to Dahler. But instead of arguing that § 2255 is inapplicable, the United States contended that Dahler's argument had been forfeited because not raised on direct appeal. This was quickly countered by the response that the lawyer's omission was ineffective assistance of counsel, which would establish "cause" for the shortcoming. Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), it is essential to examine the attorney's entire work product; an isolated slip-up in an otherwise competent representation does not violate the sixth amendment. E.g., *Holman v. Gilmore*, 126 F.3d 876, 881–84 (7th Cir.1997). But the United States did not ask the district judge to assess the quality of counsel's efforts—either with reference to the whole case (there had been a vigorous defense) or with reference to sentencing (it might have been possible to argue that counsel paid little attention to the 1970 conviction because the prosecution had the 1964 and 1977 convictions in reserve). Instead the United States argued that counsel's assistance was adequate *because the 1970 conviction counts under § 921(a)(20)*. In other words, the prosecutor argued that the district judge could not reach the merits because of forfeiture, and the reason Dahler has forfeited his claim is that it lacks merit. This collapsed the forfeiture defense into the merits, and the district judge then denied the § 2255 petition because, in his view, the 1970 conviction counts toward the statutory three. Like the district judge, we treat the prosecutor as having effectively surrendered any argument that Dahler forfeited his opportunity to obtain review of the merits. The United States had one more opportunity to interpose a procedural objection. Dahler needed a certificate of appealability, which may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Dahler's substantive argument is that the sentence enhancement is incompatible with § 921(a)(20), it is hard to see how a certificate of appealability could (properly) be issued; no "denial of a constitutional right" has

been alleged. (Ineffective assistance of counsel, which could be a substantial constitutional claim, has been raised only to supply "cause" for the failure to make the statutory argument earlier, and not as an independent ground of relief.) Nonetheless, a judge of this court issued a certificate, identifying the question as whether use of the 1970 conviction comports with § 921(a)(20). Instead of asking the panel to reverse that one-judge decision, the United States let the matter drop and filed a brief on the merits. *Young v. United States*, 124 F.3d 794, 798–99 (7th Cir.1997), holds that by taking this step a prosecutor forfeits any entitlement to the protection of § 2253(c)(2). So all procedural issues have washed out. We must decide whether the discharge certificate issued in 1976 prevents counting the 1970 conviction toward the three needed to be a "career" criminal.

■ When denying Dahler's petition, the district court relied on *Roehl*, which held that "Wisconsin does not consider a conviction to have been wiped from the record once the person convicted has satisfied his sentence." 977 F.2d at 377. But Dahler does not contend that Wisconsin *actually* treats the 1970 conviction as a nullity or permits him to carry firearms despite the conviction. He contends that Wisconsin gave him a document restoring his civil rights, and that § 921(a)(20) precludes use of the conviction because this document does not "expressly [provide] that the person may not ship, transport, possess, or receive firearms." We concluded in *United States v. Erwin*, 902 F.2d 510, 512–13 (7th Cir.1990), that "[i]f the state sends the felon a piece of paper implying that he is no longer 'convicted' and that *all* civil rights have been restored, a reservation in a corner of the state's penal code can not be the basis of a federal prosecution. A state must tell the felon point blank that weapons are not kosher. The final sentence of § 921(a)(20) cannot logically mean that the state may dole out an apparently-unconditional restoration of rights yet be silent so long as any musty statute withholds the right to carry guns. Then the state never would need to say a peep about guns; the statute would self-destruct. It must mean, therefore, that the state sometimes must tell the felon that under state law he is not entitled to carry guns". *Glaser* applies this approach to a discharge certificate issued by Minnesota telling the recipient that he is "hereby restored to all civil rights and to full citizenship, with full right to vote and hold public office, the same as if such conviction had not taken place." Such a certificate prevents use of the conviction for federal sentence enhancement, we held, even though Minnesota in fact denied to persons who have received the certificate any right to carry firearms. Because that legal disability was not "expressly" noted on the certificate, the state conviction did not count for federal purposes. Wisconsin's certificate is functionally identical to Minnesota's. Wisconsin told Dahler that "[a]ny civil rights lost as result of conviction herein described, are restored"; Minnesota told Glaser that "all civil rights and ... full citizenship" were restored. "Any" and "all" convey the same message to the recipient—and neither state's certificate "expressly provides that the person may not ship, transport, possess, or receive firearms." Minnesota's came closer, because it contained a footnote about possible firearm disabilities under federal law, but we held in *Glaser* that an ambiguous reference to federal law could not take the place of an express reference to state firearms disabilities. *Glaser* accordingly controls today.

The district judge did not mention either *Erwin* or *Glaser*. Like the prosecutor, the judge relied entirely on *Roehl*. But *Roehl* did not involve the effect of a certificate; the panel pointed out that "Roehl has not produced the 'Discharge' issued when he completed the sentence on his 1966 conviction". 977 F.2d at 378. *Roehl* suggested that § 921(a)(20) might be limited to "an individualized decision", *ibid.*, as opposed to a generic document issued to every released felon, but *Glaser* disapproved this *dictum*, which cannot be reconciled with either *Erwin* or the statutory text, and held that § 921(a)(20) does not distinguish "according to the frequency with which a state dispenses some boon. The statutory question is whether, when the state disseminates a writing purporting to restore all civil rights, the document contains a firearms qualification." 14 F.3d at 1218.

*Roehl* made two additional observations on which the United States now seizes. One is that Roehl did not rely on his discharge papers (977 F.2d at 379)—and of course neither did Dahler. For whether or not all disabilities attributable to the 1970 conviction have disappeared, the 1985 convictions made it a crime for Dahler to possess firearms. Dahler wasn't taken in; he simply decided to flout the law. But although this shows why Dahler could be convicted under § 922(g) for possessing firearms despite a prior felony conviction, it does not show that he is eligible for the enhancement under § 924(e), which depends on three countable prior felonies. Congress may well have written § 921(a)(20) to avoid surprising prisoners who rely on pardons, expungements, and discharge certificates, but as it often does the legislature used objective rather than subjective grounds of decision. What is written is provable; states of mind are not. Section 921(a)(20) does not make anything turn on the defendant's knowledge or reliance. Its effect depends on a specific objective indicator: an express, written, firearms reservation.

*Roehl* also observed: "because the 1966 conviction did not cause Roehl to lose any state-created right related to possession or ownership of firearms, the 'Discharge' did not tell him that such a right was restored." 977 F.2d at 378. The United States adds— as *Roehl* also remarked, id. at 377—that Wisconsin's constitution does not confer on any of its citizens the right to own or carry firearms. All these legal propositions are correct, but they have nothing to do with the final sentence of § 921(a)(20). If Congress had omitted the final sentence—or if Congress had said something like "a felony conviction must be treated as a conviction of a crime punishable by imprisonment for a term exceeding one year unless, under state law, the defendant has a right to carry firearms despite the conviction"—then the actual provisions of state law with respect to firearms would matter, as they do now when the state has not given the defendant a certificate. See *United States v. Lee,* 72 F.3d 55, 57–58 (7th Cir.1995); *United States v. Estrella,* 104 F.3d 3 (1st Cir.1997). Contra, *United States v. Qualls,* 140 F.3d 824 (9th Cir.1998) (en banc). (The Supreme Court will resolve this

conflict in *Caron v. United States,* cert. granted, —— U.S. ——, 118 S.Ct. 680, 139 L.Ed.2d 628 (1997).) But the last sentence of § 921(a)(20) states a rule of federal law, in addition to the reference to state law in the section's penultimate sentence. To count under § 924(e)(1), the conviction must satisfy both the state-law criterion (the penultimate sentence of § 921(a)(20)) and the federal-law criteria (the last sentence of § 921(a)(20), plus the several requirements of § 924(e)(2)). A state that wants its convictions to supply the basis of armed-career-criminal enhancements must be more careful than Wisconsin and Minnesota have been. It is easy to write a certificate saying something like "any civil right you lost as result of your conviction is restored, but this restoration does not provide you with any entitlement to ship, transport, possess, or receive firearms." That would be an accurate statement of Wisconsin law, but it is not what the certificate Dahler received says. Obviously Wisconsin did not draft its 1976 certificate in response to the 1986 amendment to § 921(a)(20); many states' certificates have had unexpected effects. But § 921(a)(20) leaves us no choice. Because Dahler's 1976 certificate does not "expressly [provide] that [he] may not ship, transport, possess, or receive firearms", his 1970 conviction is not a "previous [conviction] ... for a violent felony" for purposes of § 924(e)(1).

■ Dahler believes that this conclusion frees him of the armed-career-criminal enhancement, but we think that the appropriate disposition of this appeal is a remand for resentencing at which all of his prior convictions—including those from 1964 and 1977— may be considered. Had Dahler's lawyer made an argument based on § 921(a)(20) at sentencing in 1995, the prosecutor might well have chosen to rely on the 1964 and 1977 convictions. Although we have given Dahler the benefit of an argument he did not make at the right time, we are unwilling to turn his silence in 1995 into a windfall by knocking out a conviction while forbidding the prosecutor to establish that there are others. Dahler is not entitled to do better than he would have done had everyone recognized in 1995 that the 1970 conviction must be disregarded. Cf. *United States v. Smith,* 103 F.3d 531 (7th

Cir.1996). Whether § 921(a)(20) affects use of the 1964 or 1977 convictions is a subject to be worked out on remand.

The judgment is vacated, and the case is remanded for resentencing.