**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David S. DAHLER, Defendant– Appellant.**

No. 98–3502.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 19, 1999.

Decided March 16, 1999.

As Amended on Denial of Rehearing and Rehearing En Banc May 6, 1999.

442

Peggy A. Lautenschlager (submitted), Office of U.S. Attorney, Madison, WI, for Plaintiff–Appellee.

David M. Feinberg, Jenner & Block, Chicago, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, and CUDAHY and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Convicted of unlawful firearms possession, David Dahler was sentenced as an armed career criminal, 18 U.S.C. § 924(e)(1), a status that depends on three prior offenses involving drugs or violence. Last year we held that one of the offenses on which the district court relied did not count toward the three, because Dahler had received a certificate restoring his civil rights with respect to that offense. *Dah-*

*ler v. United States*, 143 F.3d 1084 (7th Cir.1998). On remand the district court resentenced Dahler as an armed career criminal, relying on a different conviction (in addition to two uncontested priors): a 1977 Michigan conviction for burglary, which is treated as a crime of violence because of the potential for mayhem if the occupant discovers the crime in progress. *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Dahler sought to knock out the 1977 conviction on the theory that he had been deprived of his right to counsel—the only ground, other than pardon or restoration of all civil rights, that prevents use of a qualifying conviction, see *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994)—but the district court disagreed, observing that Dahler had an opportunity to obtain legal representation in Michigan.

■ According to the transcript of the Michigan proceedings, the judge informed Dahler of his right to counsel at public expense and, when Dahler said that he did not want legal assistance, the judge urged him to reconsider. But Dahler was adamant, stating that he had "been through this before" (he had numerous convictions and was on probation at the time of this latest offense). The judge allowed him to represent himself and plead guilty. Dahler now contends that the waiver of counsel was involuntary and unenforceable because the state judge did not explain in detail precisely how a lawyer could have helped him, and did not do more to dissuade him from self-representation. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), encourages judges to inform defendants of the dangers and disadvantages of dispensing with professional legal help. But the Court held that, just as defendants have a constitutional right to counsel, they also have a constitutional right to represent themselves. The fundamental entitlement is to *choose* between these options, each protected. More information is better, but a defendant given a free choice (and under-

standing that choice) cannot complain that he was too hasty. Compare *United States v. Belanger*, 936 F.2d 916 (7th Cir.1991), with *United States v. Sandles*, 23 F.3d 1121 (7th Cir.1994).

Dahler wants us to act as if this were a direct appeal from the 1977 conviction. A court in that position might require a more elaborate colloquy as a matter of sound practice. But we are not hearing a direct appeal; we are not even entertaining a collateral attack on the 1977 conviction. *Custis* holds that a prior conviction counts for purposes of recidivist sentencing statutes such as § 924(e)(1) whether or not it is vulnerable to collateral attack. In *Custis* itself the Court held that involuntariness of a guilty plea does not disqualify a conviction from use in recidivist sentencing. Only failure to honor the right to counsel recognized in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), has that effect, *Custis* concluded. See also *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Even failure to *offer* counsel does not prevent use of the conviction for enhancement of a later sentence, if counsel was unnecessary (because, say, the first conviction did not lead to imprisonment). *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). But if counsel is offered, the choice is voluntary (the defendant understands his options and chooses without a gun to the head or a mob at the door), and the offer is refused, then the conviction counts under *Custis*. It is too late for a court to "indulge every reasonable presumption against waiver" of counsel, as Dahler urges us to do. *Custis* and *Cuppett v. Duckworth*, 8 F.3d 1132 (7th Cir.1993) (en banc), hold that a prior conviction is presumed valid, and that the defendant in a recidivist proceeding has a heavy burden to show invalidity of that conviction.

Dahler has not pointed to any case after *Custis* that discards a conviction for purposes of recidivist sentencing because the judge in the prior case did not do a thorough job of discouraging self-representation. The sole question we asked in *Cup-pett* was whether counsel had been offered. We did not ask what the state judge in *Cuppett* might have said about the wisdom of waiving counsel. Dahler says that *Cuppett* may be put to one side because the transcript was missing there, while the transcript of his waiver has been located. Why should that matter? We attempted to reconstruct the state's ordinary practice in *Cuppett* so that we could determine whether defendant had access to counsel; we could have insisted that the state reconstruct other issues too, if they could have altered the outcome. Given the approach of *Custis* and *Cuppett*, it is not appropriate to go beyond the bedrock issues: was counsel available, and was defendant allowed an unfettered choice? Michigan offered Dahler a lawyer at public expense; he knew what a lawyer is and was not coerced to waive his entitlement. He had a constitutional right under *Faretta* to choose as he did, and cannot now insist that the conviction be ignored because he exercised the constitutional right to self-representation rather than the constitutional right to assistance of counsel.

AFFIRMED.