**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gregory SMITH, Defendant–Appellant.**

No. 04–1262.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 5, 2004.

Decided Dec. 28, 2004.

Rita M. Rumbelow, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee

Bill Ginsberg, Mandell, Ginsberg & Meier, Madison, WI, for Defendant–Appellant.

Before POSNER, KANNE, and WOOD, Circuit Judges.

## ORDER

In October 2003 Gregory Smith pleaded guilty to one count of possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). At sentencing the district court determined that Smith had at least three prior convictions for violent felonies and thus was subject to a 15–year mandatory minimum sentence as an armed career criminal. *See* 18 U.S.C. § 924(e). On appeal Smith contends that all but one of these prior offenses should not have been counted as convictions because in each instance he was "discharged" by the State of Wisconsin after completing his sentence.

Before the instant offense of unlawfully possessing a firearm, Smith had served time for several offenses that at least facially subjected him to enhancement under the Armed Career Criminal Act. Smith contends that after serving his sentences he received notice from Wisconsin that he had "discharged" his sentences. He contends that the discharge certificates misled him into thinking that he was allowed to possess a firearm, so those offenses could not be counted as convictions to sentence him as an armed career criminal.

The definition of "conviction" for purposes of the Armed Career Criminal Act is the same as it is for § 922(g) and the Gun Control Act in general and is found at 18 U.S.C. § 921(a)(20). That section provides:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such

pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Smith attempts to focus our attention on the second part of the definition—the so called "anti-mousetrapping provision." *See United States v. Erwin,* 902 F.2d 510, 512 (7th Cir.1990). The purpose of that provision is to prevent the defendant from being misled; if a defendant receives a document "implying that he is no longer 'convicted' and that *all* civil rights have been restored, a reservation in a corner of the state's penal code cannot be the basis of a federal prosecution." *Id.* at 512–13 (emphasis by the court); *see also Dahler v. United States,* 143 F.3d 1084, 1088 (7th Cir.1998).

Smith, however, did not receive a document implying that all of his civil rights were restored when he completed his sentence for each prior offense. He says that he received a document telling him that his several sentences had been "discharged." Unable to produce the actual document, Smith obtained from the Wisconsin Historical Society an example of what he likely received in 1987. The sample certificate states: "It further appearing that the aforesaid has satisfied all conditions of said parole. Now, therefore, it is ordered that effective [date] the aforesaid be and hereby is, discharged." This form language does not suggest that civil rights of any kind have been restored, so the recipient cannot claim the protection of the anti-mousetrapping provision of § 921(a)(20). *See Erwin,* 902 F.2d at 513 ("When ... the state sends no document granting pardon or restoring rights, there is no potential for deception, and the question becomes whether the particular civil right to carry guns has been restored by the law.").

Smith also presses a slightly different argument—he says that he was misled by Wisconsin's statutes. He points to Wis. Stat. § 304.078, which provides, with one limited exception, that "every person who is convicted of a crime obtains a restoration of his or her civil rights by serving out his or her term of imprisonment or otherwise satisfying his or her sentence." But there is another Wisconsin statute specifically prohibiting convicted felons from possessing firearms unless they have been pardoned and expressly authorized to possess firearms. *See* Wis. Stat. § 941.29(2)(a), (5). That provision was readily available to Smith and should have made clear to him that he was not allowed to possess a firearm. *See Erwin*, 902 F.2d at 513.

Because Smith cannot find refuge in the anti-mousetrapping provision of § 921(a)(20), the question is whether Wisconsin still considers him to be convicted. *Roehl v. United States*, 977 F.2d 375, 377 (7th Cir.1992); *Erwin*, 902 F.2d at 513. And the state's view is that Smith's conviction was not wiped clean when he finished serving his sentence; he was still prohibited from possessing a firearm. *See* Wis. Stat. § 941.29(2)(a); *Roehl*, 977 F.2d at 377–78.

AFFIRMED.