# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 02-1233

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CASEY BOCK,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 01-30081-DRH—**David R. Herndon**, *Judge.*

———————

ARGUED SEPTEMBER 11, 2002—DECIDED NOVEMBER 14, 2002

———————

Before POSNER, EASTERBROOK, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Casey Bock, as his attorney recognizes, is swimming upstream. But he is not alone. The issue he raises is not one on which he can prevail in this court, but it is one which has—in one form or another—captured the interest of a divided Supreme Court.

Bock was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced, however, under 18 U.S.C. § 924(e)(1), which increased his exposure because he had three previous convictions for violent felonies. He claims his Fifth and Sixth

Amendment rights were violated because the allegation that he had prior violent felony convictions was not presented to a grand jury, pled in the indictment, or the subject of a stipulation in connection with his guilty plea. Attempting to thread his way through the obstacles presented by prior case law, Bock concentrates his energies on a claim that his prior convictions—for purposes of substantially increasing his punishment—should have been presented to the grand jury. The grand jury could then decline to return an indictment—which Bock thinks it very well might have done under the facts of his case, which he sees as sympathetic.

In March of 2001, as police officers were searching his home, Bock told them that he had a .22 caliber pistol in his dresser. The police seized the firearm but made no arrest. Several months later a grand jury for the Southern District of Illinois charged Bock with a single count of being a felon in possession of a firearm. Bock entered into a plea agreement under which he pled guilty to the indictment. The plea agreement stated that the maximum term of imprisonment for violating § 922(g)(1) is 10 years. But the agreement went on to say that the government reserved the right to argue for an enhanced sentence under § 924(e)(1), which carries a minimum sentence of 15 years for those with three prior convictions for violent felonies. Bock had the magic number of qualifying violent felony convictions, but they occurred 15 years before the instant offense. The district judge, concluding despite the hoary convictions that Bock was an "armed career criminal," sentenced him to 188 months imprisonment under § 924(e)(1).

Bock contends that the issue of his prior convictions should have been presented to the grand jury. Because his prior convictions are so old, and because the firearm involved was in a dresser in his home and is not the type of weapon favored by drug dealers, he thinks the grand jury

might very well have determined that § 924(e)(1)—because it is a harsh measure—should not be charged.

In addition to showing what might well be a rather idealistic view of how a grand jury operates, this argument runs headlong into Supreme Court precedent and our decisions in *United States v. Skidmore*, 254 F.3d 635 (2001), and *United States v. Mitchell*, 299 F.3d 632 (2002). In those cases, we considered the same statutes and held that there is no requirement to plead prior convictions in an indictment even when those convictions increase a defendant's sentence. We cannot see how, with a straight face, we could distinguish a claim that the charge should be presented to a grand jury from a claim that the indictment must include the charge.

Bock acknowledges these impediments to his claim, but he thinks the Supreme Court may reverse itself. In some sense, this debate started in *McMillan v. Pennsylvania*, 477 U.S. 79 (1986), where the Court sustained a statute that allowed a judge to find, by a preponderance of the evidence, that a defendant possessed a firearm, thus increasing the mandatory minimum penalty for his crime, though not exceeding the statutory maximum. Statutory maximums were considered in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in which the Court considered 8 U.S.C. § 1326(a). That statute prohibits an alien, who once was deported from the United States, from returning without special permission. It carries a prison term of up to 2 years. However, subsection (b)(2) of § 1326 authorizes a prison term of up to 20 years if the original deportation was for the commission of an aggravated felony. The latter provision, the Court determined by a vote of 5 to 4, was a penalty provision, not an element of the crime, and for that reason, there was no need to charge that factor in the indictment. Four dissenters—Justices Scalia, Stevens, Souter, and Ginsburg—thought that subsections (a) and (b) state separate offenses, and thus under (b) the prior con-

viction was an element of the crime which must be charged. Then, in *Jones v. United States*, 526 U.S. 227 (1999), the Court considered the federal carjacking statute, 18 U.S.C. § 2119, and whether the reference to "serious bodily injury" which raised the sentencing range was a sentencing factor or whether it was an element of a separate crime. The Court determined it was an element of a separate offense. Justice Kennedy, joined by Chief Justice Rehnquist and Justices O'Connor and Breyer, said it was a sentencing factor.

The debate continued in a case embraced by numerous defendants, *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Court said that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." At 490. The Court acknowledged that *Almendarez-Torres* might have been incorrectly decided, but recidivism was not contested in *Apprendi*, so the Court had no reason to reexamine the issue. Justice Thomas, joined by Justice Scalia, concurred in the judgment of the Court but argued that *any* factor which increases the punishment to which a defendant is exposed is an element of the crime, not a sentencing factor. In contrast, again Justice O'Connor, joined by Chief Justice Rehnquist, Justice Kennedy, and Justice Breyer, found the *Apprendi* rule too broad and were of the view that, within limits, a legislature is free to determine what facts are elements of the crime and which are sentencing enhancements, not subject to the requirements for notice, submission to a jury, and proof beyond a reasonable doubt.

Finally, in *Harris v. United States*, 122 S. Ct. 2406 (2002), the Court considered 18 U.S.C. § 924(c)(1)(A), which provides for a sentence of 5 years to life if a person commits a drug trafficking crime or a crime of violence while using or carrying a firearm. The sentence "shall" be at least 7 years if the person brandishes the gun and 10 years if he dis-

charges the gun, thus increasing the mandatory minimum sentence. "Brandishing" was not alleged in Harris's indictment, but the judge found, as a sentencing factor, that he had brandished the weapon. Harris contended that while *McMillan* might permit "brandishing" to be a sentencing factor, *Apprendi* did not, and *McMillan* should be overruled. The Court disagreed, saying:

> Reaffirming *McMillan* and employing the approach outlined in that case, we conclude that the federal provision at issue, 18 U.S.C. § 924(c)(1)(A)(ii), is constitutional. Basing a 2-year increase in the defendant's minimum sentence on a judicial finding of brandishing does not evade the requirements fo the Fifth and Sixth Amendments. Congress "simply took one factor that has always been considered by sentencing courts to bear on punishment . . . and dictated the precise weight to be given that factor." *McMillan*, 477 U.S., at 89-90, 106 S. Ct. 2411. That factor need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt.

At 2420. Justice O'Connor and Justice Breyer separately concurred in the decision, both emphasizing that *Apprendi* may be too restrictive and that the Constitution allows judges to apply sentencing factors which are not charged in the indictment. Four dissenters—justices Thomas, Stevens, Souter, and Ginsburg—expressed the view that when a factor exposes a defendant to a greater punishment than he otherwise would face, it is an element of the crime, and that this principle applies to mandatory minimums as well as to sentences exceeding the default statutory maximum.

So clearly, Bock's observation that there is disagreement in this area is accurate. But we are not in a position to determine that *Almendarez-Torres* will inevitably be—or effectively has been—overruled. In fact, in *Skidmore*, we said it was not.

In short, the issue Bock raises, while effectively a settled one, is one on which reasonable minds might disagree. It is not out of the question that the issue might be reexamined by the Supreme Court. But that is not for us to say, nor is it for us today to predict which direction any reexamination might take. The judgment of conviction is AFFIRMED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*