UNITED STATES of America,
Plaintiff–Appellant,

v.

Jesse SILVA–NAVARRO,
Defendant–Appellee.

No. 02–3431.

United States Court of Appeals,
Seventh Circuit.

Submitted April 1, 2003.

Decided June 11, 2003.

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

## ORDER

Jesse Silva–Navarro ("Silva") waived indictment and pleaded guilty to an Information charging him with being present in the United States without the permission of the Attorney General after he was twice deported because of aggravated felony convictions. *See* 8 U.S.C. § 1326(a), (b). Pursuant to the sentencing guidelines, the district court sentenced him to 77 months in prison. Silva now appeals, but his counsel believes all potential appellate arguments are frivolous, and thus seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's supporting brief is facially adequate and Silva has not responded, *see* Circuit Rule 51(b), so we limit our

review to the potential claims counsel identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996). We agree with counsel that all identified arguments would be frivolous, and therefore grant his motion to withdraw and dismiss the appeal.

Counsel first contemplates a challenge to Silva's guilty plea, specifically wondering whether the district court adhered to the requirements of Federal Rule of Criminal Procedure 11 in accepting Silva's plea. Counsel's discussion is unnecessary, however, as he informs us that Silva has no interest in withdrawing his plea, which reduced by three points Silva's base offense level, *see* U.S.S.G. § 3E1.1(a) and (b) (2001), and likely influenced the district court's decision to sentence Silva at the low end of his imprisonment range of 77 to 96 months. Attorneys can "leave well enough alone" where their clients do not wish to challenge guilty pleas and, absent a client's change of heart, should forego pro forma Rule 11 catechisms in *Anders* briefs. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir.2002).

█ Counsel next considers whether Silva could challenge the denial of his motion to dismiss the Information on the ground that he was denied due process. He alleged in that motion that he entered a guilty plea to robbery, an aggravated felony, see 8 U.S.C. § 1101(a)(43)(F), in 1988 without being informed that it carried with it immigration consequences such as deportation and prosecution for illegal reentry. The possible invalidity of his 1988 guilty plea, contended Silva, renders his Information in this case also invalid. We agree with counsel that any such challenge to Silva's present conviction or sentence would be frivolous.

First, there is no defect in the Information. The Supreme Court has interpreted § 1326 as establishing one substantive crime: being found in the United States after deportation. *See* § 1326(a); *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Prior aggravated felony convictions can, under § 1326(b)(2), increase the punishment for violating § 1326(a), but they are not elements of the crime. Therefore, prior convictions need not be charged in, and do not affect the validity of, Informations charging an offense under § 1326. *See Almendarez–Torres*, 523 U.S. at 228; *United States v. Palomino–Rivera*, 258 F.3d 656, 661 (7th Cir.2001). We do note that there has been speculation both in the Supreme Court and this court as to whether *Almendarez–Torres* correctly decided that prior convictions need not be charged in a § 1326 Indictment when prosecutors plan to seek increased punishment under § 1326(b), as they did here. *See Apprendi v. New Jersey*, 530 U.S. 466, 487–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Bock*, 312 F.3d 829, 830–32 (7th Cir.2002). But even if we assume that a conviction of an aggravated felony is an element which must be charged in order to invoke section 1326(b)(2), the Information in this case did in fact note that Silva had been deported after conviction of an aggravated felony.

Second, the potential collateral attack on Silva's 1988 guilty plea that necessarily underlies the contemplated challenge to his present conviction is frivolous because Silva has never attempted to comply with § 1326(d). That section allows an alien to challenge in a § 1326 prosecution a previous deportation proceeding only if he or she shows that 1) any administrative remedies that may have been available to correct the alleged errors in the deportation proceeding were exhausted; 2) the deportation proceeding at which the order was issued improperly deprived the alien of the

opportunity for judicial review; and 3) the entry of the deportation order was fundamentally unfair. 8 U.S.C. § 1326(d). But Silva has never attempted to satisfy these requirements, and it is too late to raise such claims now. *See Schoenfeld v. Apfel,* 237 F.3d 788, 793 (7th Cir.2001) (arguments not raised in district court are waived).

Finally, even if it be assumed that the 1988 conviction could not count as a conviction of an aggravated felony preceding Silva's deportation, that would be immaterial as to the present conviction because the record shows that there was another conviction for burglary in 1989. That burglary conviction is another aggravated felony under 8 U.S.C. § 1101(a)(43)(G).

Counsel next ponders whether Silva's sentence comports with law. The United States probation officer computed the sentencing range under the guidelines as follows: a base offense level of eight, *see* U.S.S.G. § 2L1.2(a); an additional sixteen levels because Silva had both entered the 1988 guilty plea to robbery–a crime of violence which, as noted, Silva cannot collaterally attack–and been convicted of unlawful use of a weapon–a firearm offense–in 1990, *see id.* § 2L1.2(b)(1)(A); and a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1(a), (b), for a total offense level of 21. Silva's criminal history included the robbery and firearm offenses just mentioned, as well as a stolen-motor-vehicle offense, a burglary conviction, and convictions for obstruction of justice and possession of fictitious identification. This checkered past placed Silva in criminal history category VI. An offense level of 21 coupled with a criminal history category of VI resulted in a sentencing range of 77 to 96 months in prison.

■ As counsel notes, there are no apparent errors in these calculations. And we agree with counsel that it would be frivolous to argue that Silva's past offenses should have been grouped or consolidated in calculating his criminal history score; the offenses all involved distinct and unrelated acts scattered across a twelve-year span, and were separated by intervening arrests. *See id.* § 4A1.2(a)(2) ("Prior sentences imposed in unrelated cases are to be counted separately."); *id.* § 4A1.2, comment. (n.3) ("Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest...."). Further, the record is clear that the district court understood that it had the power to order a downward departure from the sentencing guidelines on the single ground urged by Silva during sentencing, namely, that his criminal history category overstates the seriousness of his past misconduct. *See id.* § 4A1.3. The district court chose not to depart and, as counsel notes, our lack of jurisdiction to review that choice would make any appellate challenge to the decision frivolous. *See United States v. Schuh,* 289 F.3d 968, 974 (7th Cir.2002).

■ Finally, counsel concludes that our holding in *United States v. Gonzalez–Portillo,* 121 F.3d 1122, 1124–25 (7th Cir.1997), would make frivolous an argument that the district court should have mitigated Silva's sentence because he is a deportable alien. We agree with counsel's conclusion; *Gonzalez–Portillo* precludes district courts from considering an alien's deportable status where the alien is convicted and sentenced for returning to this country illegally. *Id.*

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS this appeal.