**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus S. RODRIGUEZ, a/k/a Ramon Vasquez Nunez, Jesus Serbin Rodriguez, Jesus Lopez Martinez, and Alejandro, Defendant–Appellant.**

**No. 03–1259.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 9, 2003.*

Decided Oct. 9, 2003.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

### ORDER

Jesus S. Rodriguez contends that the prior convictions used to increase his punishment for violating 8 U.S.C. § 1326(a) should have been treated as an element, not a sentencing factor, a position explicitly rejected by the Supreme Court and this court. Because Mr. Rodriguez offers no new arguments on this issue, we affirm.

A grand jury indicted Mr. Rodriguez on one count of being present in the United States without permission after having been deported. *See* 8 U.S.C. §§ 1326, 1326(b)(2). Several months later he pleaded guilty pursuant to a plea agreement.

Before being deported Mr. Rodriguez had been convicted in California of two drug offenses in 1993 and 1998 that qualified as aggravated felonies, *see* 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2), and increased the maximum possible term of imprisonment for violating § 1326(a) from two years to twenty years, *see* 8 U.S.C. § 1326(b)(2). The 1993 conviction also satisfied the guidelines definition of a drug trafficking crime under U.S.S.G. § 2L1.2 and thus subjected Mr. Rodriguez to a 16–level increase in offense level. *See* U.S.S.G. § 2L1.2(b)(1)(A)(i) & comment. (n.1(B)(iii)). The indictment did not allege any prior convictions.

In calculating the guideline imprisonment range, the probation officer recommended in her presentence investigation report (PSR) that Mr. Rodriguez receive both a 16–level upward adjustment to his base offense level and criminal history points for his prior convictions. This latter recommendation was consistent with Application Note 5 to § 2L1.2, which rejects exempting a prior conviction from accumulating criminal history points even if it has served as the basis for an upward adjustment under § 2L1.2(b)(1). *See* U.S.S.G. § 2L1.2, comment. (n.5). The district court adopted the PSR calculations.

Mr. Rodriguez raises on appeal what he characterizes as two arguments concerning the use of his 1993 conviction to subject him to the statutory enhancement under § 1326(b)(2), as well as both an increased offense level under § 2L1.2(b)(1)(A)(i) and additional criminal history points. As best we can tell both arguments reduce to the single contention that the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should be expanded to preclude the use of prior convictions as a sentencing factor unless they are charged in the indictment and

proved to a jury beyond a reasonable doubt. But, the Supreme Court in *Apprendi* explicitly excepted prior convictions from its holding that a jury must decide any fact that increases the statutory maximum. *Apprendi*, 530 U.S. at 490. The Court chose not to reexamine its earlier decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 226–227, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which holds that prior convictions are sentencing factors under § 1326(b)(2), not offense elements, and need not be alleged in the indictment or proved to a jury beyond a reasonable doubt. *Id.* at 489–490.

Mr. Rodriguez recognizes that established precedent does not treat recidivism as an element of the statute. Instead, he argues that because five Justices appear poised to overturn *Almendarez–Torres*'s constitutional argument in light of *Apprendi*, we can include recidivism under *Apprendi*'s reach. However, we have already rejected this exact argument in *United States v. Martinez–Garcia*, 268 F.3d 460, 463–64 (7th Cir.2001), *cert. denied*, 534 U.S. 1149, 122 S.Ct. 1111, 151 L.Ed.2d 1006 (2002), and *United States v. Palomino–Rivera*, 258 F.3d 656, 661 (7th Cir. 2001), *cert. denied*, 534 U.S. 1147, 122 S.Ct. 1106, 151 L.Ed.2d 1002 (2002). Although Mr. Rodriguez is correct that we review constitutional questions *de novo*, *United States v. Israel*, 317 F.3d 768, 770 (7th Cir.2003), we also are bound by directly controlling Supreme Court precedent. *de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) (circuit courts should follow controlling precedent, leaving the Supreme Court to decide whether to overturn its decision); *see United States v. Bock*, 312 F.3d 829, 831 (7th Cir.2002) (noting that this court is not in a position to overrule *Almendarez–Torres* ), *cert. denied*, 537 U.S. 1208, 123 S.Ct. 1289, 154 L.Ed.2d 1053 (2003). Since the Supreme Court has explicitly chosen to exempt recidivism from its holding in *Apprendi*, we have a duty to follow its directive.

Mr. Rodriguez also apparently believes that *Apprendi*, assuming we would apply its rule to prior convictions, would limit his sentence as calculated under the guidelines. However, *Apprendi* does not affect guideline calculations. *See United States v. Behrman*, 235 F.3d 1049, 1054 (7th Cir. 2000); *Hernandez v. United States*, 226 F.3d 839, 841 (7th Cir.2000).

We AFFIRM the judgment of the district court.