**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sergio TELLEZ–BOIZO, Defendant–Appellant.**

**No. 03–3386.**

United States Court of Appeals, Seventh Circuit.

Argued Aug. 4, 2004.

Decided Oct. 25, 2004.

Before FLAUM, Chief Judge, BAUER, and SYKES, Circuit Judges.

ORDER

Sergio Tellez–Boizo pleaded guilty to one count of being present in the United States after his removal following an aggravated felony conviction. *See* 8 U.S.C. § 1326(a)(2), (b)(2). In his plea agreement, he reserved his right to challenge his sentence. At sentencing Tellez–Boizo

argued that the court should exclude two of his prior convictions when calculating his criminal history because they were obtained in violation of his right to counsel. The district court refused because Tellez–Boizo did not meet his burden to prove that he was denied the right to counsel. On appeal Tellez–Boizo reasserts his challenge to his criminal history score and also argues that his sentence is invalid in light of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (U.S.2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir.2004) *cert. granted* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), *argued* October 4, 2004. We affirm.

After Tellez–Boizo pleaded guilty, the probation officer prepared his presentence report and recommended that Tellez–Boizo be assessed 13 criminal history points. Tellez–Boizo objected to two of those points, one assessed for a 1992 conviction for theft and the other for a 1994 conviction for throwing a substance at a vehicle. He argued that the convictions were presumptively void because he had not been represented by counsel in those prior proceedings and there was no evidence that he had validly waived his right. Although the presentence report represents that Tellez–Boizo did have counsel in both cases, the docket sheets from those cases demonstrate that in fact he had appeared *without* counsel. Tellez–Boizo asserted that there was no evidence that he had waived his right, so the court should deem the convictions presumptively void. Neither party obtained transcripts of the prior proceedings, so they were instead relying entirely on notations on the docket sheets.

The district court rejected Tellez–Boizo's argument that the prior convictions were presumptively void, concluding that the burden was on him to prove that the convictions were invalid and that he had not met that burden. The court required him to prove not just that he proceeded without counsel, but that he had been denied the right to counsel. The court observed that, although neither docket sheet reveals whether Tellez–Boizo had waived his right to counsel, both memorialize that he had been advised of his right.

On appeal, as in the district court, Tellez–Boizo relies on *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), for the proposition that a court may never presume that a defendant waived his right to counsel in a prior proceeding when the record from the prior proceeding is silent on the issue. *Burgett* did stand for that broad proposition, but the Supreme Court later narrowed the holding in *Parke v. Raley,* 506 U.S. 20, 31, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). In *Parke,* the Court held that it was constitutionally permissible for a Kentucky court to presume the validity of prior convictions and place the burden on the defendant to prove their invalidity. *Id.* at 28. The Court addressed the apparent tension with *Burgett* by explaining that in *Burgett* the Court had been considering the validity of a prior conviction that became final before the right of a state-court defendant to appointed counsel was established in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). *Parke,* 506 U.S. at 31. In 1967 when *Burgett* was decided, the *Parke* Court reasoned, the fact that the defendant had proceeded without counsel was cause for concern, and it was not reasonable to presume that the defendant had waived his right to counsel.

After *Parke,* then, a court may presume that a final judgment of conviction is valid in light of all constitutional rules established at the time. Tellez–Boizo asserts that a court should never presume that a defendant waived his right to counsel in a prior proceeding because the right to counsel is unique. But we have said that the presumption of validity applies

even with respect to the right to counsel. *See United States v. Hoggard,* 61 F.3d 540, 542–43 (7th Cir.1995) (noting that defendant did not carry his burden of showing that he was deprived of counsel for a prior conviction); *United States v. Dahler,* 171 F.3d 441, 442 (7th Cir.1999) (defendant has burden of proving that waiver of counsel in prior proceeding was involuntary); *see also Cuppett v. Duckworth,* 8 F.3d 1132, 1138 (7th Cir.1993). We note also that other circuits agree. *See United States v. Cline,* 362 F.3d 343, 351 (6th Cir.2004); *United States v. Jones,* 332 F.3d 688, 697 (3d Cir.2003); *United States v. Gray,* 177 F.3d 86, 90–91 (1st Cir.1999) (presumption of validity applies even when docket sheet from prior proceeding showed that defendant proceeded without counsel).

Because the right to appointed counsel was already established at the time of Tellez–Boizo's 1992 and 1994 convictions, *see Gideon,* 372 U.S. at 344–45, Tellez–Boizo had the burden of proving that he was denied the right in the prior proceedings. He did not meet that burden. He has proved only that he proceeded without counsel, but he did not offer any evidence that he was unconstitutionally deprived of his right to counsel. Notably lacking in the record is an affidavit from him saying that he was refused counsel. *See Gray,* 177 F.3d at 90–91 ("Because a defendant stands in the best position to offer a first-hand account of the details of his own past legal proceedings, his silence can be deafening.").

■ As a final matter, Tellez–Boizo argues in a supplemental brief that his sentence is invalid in light of *Blakely* and *Booker.* He points out that his criminal history score was based on facts that he did not admit and that were not found by a jury. The facts that he identifies, however, are his prior convictions. District judges retain the authority to count convictions and arrive at a criminal history score at sentencing. In *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the government need not allege the existence of a prior aggravated felony in the indictment or prove its existence to a jury, even when that aggravated felony is used to increase the authorized penalty. *Id.* at 226–27. Then in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the court declined to overrule *Almendarez–Torres,* and reaffirmed that judges still may find the existence of prior convictions at sentencing, even when those prior convictions increase the statutory maximum. *See Apprendi,* 530 U.S. at 490 (*"Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)). Nor did *Blakely* overrule *Almendarez–Torres,* so despite some speculation that the Supreme Court might overrule the case in the future, *see Apprendi,* 530 U.S. at 489–90; *Booker,* 375 F.3d at 516 (Easterbrook, J., dissenting); *United States v. Bock,* 312 F.3d 829, 831 (7th Cir.2002), it currently stands as good law. The district court did not error by relying on Tellez–Boizo's prior convictions to assess his criminal history score at sentencing.

AFFIRMED.