IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50049
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR RAUL SANCHEZ-LAMA and
CRUZ TERRAZAS-ROBLES,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-96-CR-300
- - - - - - - - - -
August 1, 1997
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Hector Sanchez-Lama and Cruz Terrazas-Robles appeal from their convictions of possession with intent to distribute marijuana and conspiracy to possess with intent to distribute marijuana. Robles contends that the evidence was insufficient to support his convictions and that the district court erred by granting Sanchez's motion in limine to preclude the testimony of codefendant Manuel Gurrola about a postarrest statement allegedly

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

made by Sanchez in jail.  Sanchez contends that the district court erred by limiting his closing argument to 10 minutes.

The evidence was sufficient to support Robles's convictions. Sanchez, after being stopped while driving a van containing forty-two bundles of marijuana, led agents to the van that Robles and Gurrola subsequently came to retrieve.  Both vans were laden with marijuana in amounts meant for distribution; police smelled marijuana upon opening the van Gurrola was driving.  Robles had on his person a map of the area in which the second van was picked up.  Gurrola and Robles drove around suspiciously in the Scout before stopping at the van.  Robles, driving the Scout, led Gurrola from the place where the van had been left.  The jury could have found beyond a reasonable doubt an agreement to transport and distribute marijuana; that Robles knew about the agreement; and that Robles voluntarily participated in the agreement.  *United States v. Ayala*, 887 F.2d 62, 67 (5th Cir. 1989).  The jury also could have found beyond a reasonable doubt that Robles and Gurrola jointly and knowingly exercised control of the marijuana in the van they retrieved, and that they intended to distribute that marijuana.  *See United States v. Velgar-Vivero*, 8 F.3d 236, 241 (5th Cir. 1993).

Robles indicated his ascent to any ruling the district court might make regarding Gurrola's proposed testimony.  He may not complain of any error he invited.  *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

Sanchez has not shown that the 10-minute limitation was an abuse of discretion.  He does not indicate what credibility issues he would have raised regarding any particular witnesses; nor does he indicate any particular issues he would have raised had he had more time to argue to the jury.  *United States v. Sotelo*, 97 F.3d 782, 793 (5th Cir.)(internal and concluding citations omitted), *cert. denied*, 117 S. Ct. 620 (1996), *and cert. denied*, 117 S. Ct. 1002, 1324 (1997).

AFFIRMED.