United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-10085
_____

UNITED STATES OF AMERICA,

                                     Plaintiff - Appellee,

                    versus

CURTIS DALE DAUGHERTY,

                                     Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Although, in this ineffective assistance of counsel claim brought under 28 U.S.C. § 2255, the defendant-appellant raises an issue of first impression in this Circuit -- whether, when a sentence has been vacated because of a defect, the government may present new evidence at resentencing to cure that defect and then reimpose the earlier sentence -- the final resolution of this specific question is not required because of the specific language of the plea agreement in this case. Consequently for the reasons stated below, we hold that the district court did not abuse its discretion in allowing the government to introduce evidence to support the valid plea agreement at resentencing.

I

On June 6, 2002 Daugherty pleaded guilty to one count of being a convicted felon in possession of a firearm.  In the plea agreement the defendant and the government agreed that "the appropriate disposition of this case is the specific sentence of fifteen (15) years imprisonment" under the applicable statutes -- 18 U.S.C. § 922(g)(1), making it unlawful for a felon to have a firearm, and 18 U.S.C. § 924(e), the Armed Career Criminal Enhancement.[1]  The validity, and hence the enforceability, of this plea agreement has not been contested by the defendant or the government.

Daugherty's presentence report (PSR) noted four prior convictions as violent felonies for purposes of enhancement:  1) murder, 2) burglary of a habitation, 3) burglary of a building, and 4) unauthorized use of a motor vehicle.  However, in the factual resume submitted to the district court, the government elected to prove only three prior convictions:  1) murder, 2) burglary of a habitation, and 3) unauthorized use of a motor vehicle.  In accordance with the plea agreement, the district court sentenced Daugherty to fifteen years imprisonment.

---

[1]  Specifically 18 U.S.C. § 924(e) provides in relevant part:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense . . . such person shall be fined under this title and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1)(2005).

2

After Daugherty's guilty plea, but <u>before</u> the imposition of his sentence, this Court, sitting en banc, decided <u>United States v. Charles</u>, 301 F.3d 309, 310 (5th Cir. 2002) (en banc), which held that the unauthorized use of a motor vehicle was not a "crime of violence" under U.S.S.G. § 4B1.2(A).[2]  Neither Daugherty nor the government raised <u>Charles</u> during the sentencing process.  The stage was thus set for this ineffective assistance of counsel claim brought under 28 U.S.C. § 2255, for the attorney's failure to discover and argue <u>Charles</u>.  The district court granted Daugherty's motion, vacated the sentence and ordered resentencing "subject to [the government's] right to argue and present proof of three prior violent felony convictions to support an enhanced sentence under § 924(e)."[3]

---

[2]  Section 4B1.2(a) provides:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. SENTENCING GUIDELINES § 4B1.2(a).

[3] The government conceded at oral argument that the most procedurally "neat" way to have handled this case would have been to appeal the district court's finding of ineffective assistance and grant of § 2255 relief.  Under <u>Strickland v. Washington</u>, to demonstrate ineffective assistance of counsel a defendant must

At resentencing, over objection of Daugherty, the district court admitted evidence of Daugherty's fourth conviction and sentenced him again to fifteen years, in accord with the plea agreement.[4]  Daugherty appeals, arguing that the government waived its opportunity to prove up his burglary of a building conviction by not presenting the evidence at the original sentencing.  He thus argues that the district court improperly allowed the government  a "second bite at the apple" by allowing this new evidence at resentencing.  But for the valid plea agreement in this case Daugherty's arguments might have more merit.[5]

---

prove both that "counsel's performance was deficient," and that "the deficient performance prejudiced the defense . . .[i.e.,] that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  104 S.Ct. 2052, 2064 (1984).  Here it seems the second prong may have been missing -- that is to say, the defendant did not and could not prove prejudice.  Had Daugherty's counsel performed in an "effective" way, i.e., raised an objection to the unauthorized use of a motor vehicle conviction for § 924(e) purposes based on Charles, the government would have proven up the outstanding fourth prior conviction.  However, the government did not appeal the district court's grant of § 2255 relief and thus the issue is not properly before this court.

[4] Thus the sentence as appealed applies the enhancement of 18 U.S.C. § 924(e) relying on Daugherty's prior convictions of 1) murder, 2) burglary of a habitation, and 2) burglary of a building.

[5] However, we note that the Seventh Circuit, facing just such a case, rejected the arguments Daugherty presents, reasoning that to accept that position would result in a windfall to the defendant.  The Seventh Circuit remanded for resentencing considering all prior convictions of the defendant, giving the following reasoning:

> Had [the defendant's] lawyer made an argument based on [the invalidity of the prior conviction for enhancement purposes], the

4

The uncontested plea agreement clearly shows that the defendant agreed that he should be sentenced under the § 924(e) enhancement and that "the appropriate disposition fo this case is the specific sentence of fifteen (15) years imprisonment." After the Charles error was discovered the district court had before it a valid plea agreement that provided an agreed 15-year sentence, yet had to recognize that the 15-year sentence was no longer supported by the requisite three crimes of violence. Thus, the district court received evidence of the additional burglary at the resentencing. Given the clear agreement of the parties to the 15-year sentence, the acknowledgment in the plea agreement that § 924(e) applies, and the fact that the plea agreement itself remains valid, we cannot find that the district court abused its discretion in admitting this additional evidence at resentencing.[6]

---

> prosecutor might well have chosen to rely on the [other available prior] convictions. Although we have given [the defendant] the benefit of an argument he did not make at the right time, we are unwilling to turn his silence [at sentencing] into a windfall by knocking out a conviction while forbidding the prosecutor to establish that there were others. [The defendant] is not entitled to do better than he would have done had everyone recognized [at the original sentencing] that the [invalid] conviction must be disregarded.

Dahler v. United States, 143 F.3d 1084, 1088 (7th Cir. 1998). Thus even were there no plea agreement in this case, the outcome might be the same.

[6] This result is further supported by the fact that the plea

IV

Accordingly, we affirm the district court's decision to admit evidence of the crime of burglary of a building at resentencing. Thus, the judgment of the district court is

AFFIRMED.

---

agreement does not specify any three prior convictions upon which the § 924(e) enhancement relies. Rather the agreement merely acknowledges that the defendant qualifies for the enhancement.