# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 10-40133

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER HELM,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:06-CR-521-1

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

PER CURIAM:[*]

Christopher Helm appeals his sentence.  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40133

I.

Helm pleaded guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The presentence investigation report ("PSR") showed a base offense level of 33, because Helm was an armed career criminal under the provisions of § 924(e), the Armed Career Criminal Act ("ACCA"). The PSR applied an enhancement because Helm had three prior convictions under Texas Penal Code § 30.02(a) that, the PSR concluded, qualified as "violent felonies" for purposes of the ACCA: two for burglary of a building and one for burglary of a habitation. Had the sentence not been enhanced by the ACCA, the base offense level would have been 17. After a reduction not at issue in this appeal, the sentencing range was 180-188 months.

Helm's attorney agreed that the ACCA applied, although Helm objected to the enhancement. The district court sentenced Helm to 180 months. Helm directly appealed, claiming, *inter alia*, that the court erred in applying the ACCA. This court affirmed.

Helm filed for relief under 28 U.S.C. § 2255. Of the three constitutional violations he alleged, one was for ineffective assistance of counsel for failing to argue that his state convictions did not qualify as violent felonies under the ACCA. Helm asserted that his attorney should have brought *United States v. Herrera-Montes*, 490 F.3d 390 (5th Cir. 2007), to the court's attention in the direct appeal. Between the time Helm had filed his initial brief and the time when his reply brief was due, this court issued *Herrera-Montes*, which held that a prior conviction under one subsection of a Tennessee statute criminalizing burglary did not constitute a "generic burglary" for purposes of the ACCA, although convictions under the other subsections did. That statute was nearly identical to § 30.02(a), and thus, Helm contended, his attorney should have argued that the reasoning of *Herrera-Montes* extends to the Texas statute.

In response, the government conceded that this court ultimately had ex-

tended *Herrera-Montes* to § 30.02(a) in *United States v. Constante*, 544 F.3d 584, 586 (5th Cir. 2008), and thus if Helm were being sentenced at that time, the evidence in the record did not support an enhancement under the ACCA. Because none of the judgments the government submitted at Helm's sentencing reflected under which specific subsection of § 30.02(a) Helm was convicted, the government admitted that it was impossible to tell whether the ACCA had been properly applied.

But even if Helm's counsel was deficient in failing to raise *Herrera-Montes* on appeal, there was no prejudice, the government argued, because *Herrera-Montes* involved a Tennessee statute. Because a finding of error in Helm's appeal would require extending precedent, the error would not have been clear or obvious, so the sentence would have been affirmed under plain-error review. Notably, the government never stated under which subsections of § 30.02(a) Helm was convicted, nor did it argue that the enhancement would have applied anyway, thereby obviating any prejudice. And Helm also never argued that the ACCA did not apply, but only that the government had failed to prove its burden. Helm requested that his sentence "be vacated for further proceedings [for] . . . a review of all state documents" to determine whether he "was actually convicted of a violent felony."

The district court determined that Helm did not "need to show with certainty that the Fifth Circuit would have reversed his sentence on appeal . . . . He need only [have] show[n] a 'reasonable probability' that the result of the appeal would have been different." Finding that Helm had met that burden, the court concluded only "that relief [was] warranted as to this single claim and that Helm should be resentenced." The government did not appeal that ruling.

At resentencing, the probation officer informed the court that he had now obtained the charging instruments for Helm's prior convictions, which showed under which subsections § 30.02(a) Helm had been convicted. The probation offi-

No. 10-40133

cer and the government argued that the prior convictions were in fact valid predicate offenses under the ACCA.  Helm objected to the introduction of the charging instruments.  The district court postponed sentencing and ordered further briefing to determine whether it could consider the newly submitted evidence.

At the second resentencing, the district court determined that the ACCA did in fact apply and imposed the same 180-month sentence.  Helm appeals the sentence, arguing that the government should have been barred from introducing new evidence to support the ACCA enhancement.

## II.

Helm has never argued that his conviction does not warrant an enhancement under § 924(e).  Instead, he asserts that when a sentence has been vacated because of a defect, the government may not introduce new evidence at resentencing to cure the defect unless the vacatur was appealed or the case was remanded with an order to supplement the record.

There are three lines of relevant cases.  The first are cases in which a sentence was appealed, the circuit court determined that the evidence at sentencing was insufficient to warrant an enhancement, and the case was remanded for resentencing so the government could supplement the record to cure the defect. *See United States v. Andrade-Aguilar*, 570 F.3d 213, 218 (5th Cir. 2009); *United States v. Martinez-Paramo*, 380 F.3d 799, 805 (5th Cir. 2004).  In *Andrade-Aguilar*, 570 F.3d at 218, we conclusively determined that either party may present new evidence at resentencing in those instances.

The second line involves cases in which a sentence was appealed[1] and the circuit court determined definitively that an enhancement should not apply based on the evidence presented.  That situation arose in *Dahler v. United*

---

[1] Either directly or on habeas review.

No. 10-40133

*States*, 143 F.3d 1084 (7th Cir. 1998), in which, for an ineffective-assistance-of-counsel claim, the defendant argued that one of his convictions was not a predicate felony under the ACCA, so his attorney should have argued that the enhancement did not apply.  The court agreed but held that the government was allowed to introduce the defendant's other convictions at resentencing to argue that the enhancement was still proper.

The third line of cases embodies the procedural posture allegedly before us now:  A sentence is appealed,[2] the district court definitively holds that an enhancement is improper because of a defect, that decision is not appealed, and at resentencing the government wishes to introduce new evidence to cure that same defect.  *See United States v. Daugherty*, 438 F.3d 445, 446-47 (5th Cir. 2006).

In *Daugherty*, the defendant had four prior convictions, but the government presented evidence of only three when arguing that the sentence should be enhanced under the ACCA.  As here, the defendant moved to vacate the sentence under § 2255 for ineffective assistance.  The district court held that one of the three convictions did not qualify as a predicate felony under the ACCA, and thus the defendant was entitled to resentencing.  The government did not argue that it could have proven up the fourth conviction to show that the enhancement would have applied anyway (which would have shown that the defendant suffered no prejudice), nor did it appeal the § 2255 relief.

Had the government properly appealed in *Daugherty*, we would have been presented there with the same situation the Seventh Circuit confronted in *Dahler*.  Instead, the government in *Daugherty* attempted to cure the defect at resentencing.  The defendant objected, arguing, as Helm does today, that once the district court determined that the sentence was defective, the government could not introduce new evidence at resentencing to cure the same defect.  Because of a

---

[2] Again, either directly or on habeas review.

No. 10-40133

plea agreement, however, this court did not decide the issue.

We cannot answer that question in Helm's appeal, either. Helm explicitly requested that his sentence "be vacated for further proceedings [for] . . . a review of all state documents" to determine whether he "was actually convicted of a violent felony." The government could have either (1) appealed the district court's decision and argued that Helm suffered no prejudice because the enhancement was in fact properly applied, or (2) acquiesced to the relief that Helm requested and introduced at resentencing the indictments that Helm invited the district court to review.

The government took the latter path, which creates a situation similar to that in *Andrade-Aguilar* and *Martinez-Paramo*. Had Helm argued in his § 2255 motion that his prior convictions could not be counted as predicate felonies under the ACCA, and if the district court had held to that effect, we would be able to address the merits of his argument. But he did not, and the district court determined only that the evidence at sentencing was insufficient to show that the ACCA enhancement applied. We may not review any error Helm invited,[3] so his sentence must be, and is hereby, AFFIRMED.

---

[3] *See United States v. Sanchez-Lama*, 122 F.3d 1067 (5th Cir. 1997) (unpublished) (extending *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, No. 97-50049, 975 F.2d 1134, 1137 (table), 1997 WL 464616, at *1 (5th Cir. Aug. 1, 1997), to criminal cases).